IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. BIRD,<br><br>    Plaintiff,<br><br>    v.<br><br>MAXINE WATERS, et al.,<br><br>    Defendants. | No. 2:20-CV-0178-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, who is proceeding pro se, brings this civil action for mandamus relief. Pending before the court is plaintiff's complaint. See ECF No. 1.

       Plaintiff names the following members of the United States House of Representatives as responding parties: (1) Congresswoman Maxine Waters; (2) Speaker of the House Nancy Pelosi; and (3) Congressman Adam Schiff. See id. at 1. Plaintiff seeks an order by way of a writ of mandamus to direct Waters, Pelosi, and Schiff to "Obey all the Immigration Laws." Id. at 2. According to plaintiff, the responding parties' support of so-called "Sanctuary" laws in the State of California violated their oaths of office.

       Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to

1

perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

In this case, the court finds mandamus relief is not appropriate. In particular, plaintiff does not seek an order to compel the responding parties to perform a non-discretionary ministerial act. See id. Rather, plaintiff requests an order compelling the responding parties to perform discretionary legislative acts to the extent plaintiff seeks federal legislation to prohibit states from adopting "sanctuary" policies. To the extent plaintiff is challenging the State of California's "sanctuary" policies, this court may not direct action on the part of state officials. See 28 U.S.C. § 1361; see also Demos, 925 F.2d 1160.

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE